1.
2.
3.
4.
5.
6.
7.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
IN TACOMA

8. OCEAN BEAUTY SEAFOODS LLC, an Alaska
limited liability company,

9.                                          Plaintiff,

10.          v.

11. CAPTAIN ALASKA, Official No. 1299298, its
Engines, Machinery, Appurtenances, etc.,
12. *In Rem*;

13. and

14. CAPTAIN ALASKA FISH CO LLC, an Alaska
limited liability company, and ROBERT
15. FOSTER,
*In Personam;*

16. and

17.
MIKE HOGAN,
18. *In Personam;*

19. and

20. MAJESTIC ACRES LLC, a Washington limited
liability company,
21. *In Personam;*

22.                                          Defendants.

23.
24.
25.

IN ADMIRALTY

Case No.: 3:19-cv-06173-BHS

**<u>FILED UNDER SEAL</u>**

ORDER APPOINTING
SUBSTITUTE CUSTODIAN AND
AUTHORIZING MOVEMENT AND
INSPECTION OF VESSEL AND
COLLATERAL

26. ORDER APPOINTING SUBSTITUTE
CUSTODIAN AND AUTHORIZING MOVEMENT
AND INSPECTION OF VESSEL AND COLLATERAL - 1

HOLMES WEDDLE & BARCOTT, PC
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA  98104-4011
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

1.         Plaintiff, Ocean Beauty Seafoods LLC by and through its attorney John E.

2. Casperson of Holmes Weddle & Barcott, P.C., having appeared, now make the following

3. recitals:

4.         1.      On December 5, 2019, the Complaint herein was filed praying that the

5. defendant vessel CAPTAIN ALASKA, Official No. 1299298, her engines, machinery,

6. and appurtenances etc. ("Vessel") be condemned and sold to pay plaintiff's claims and for

7. other proper relief.

8.         2.      In the immediate future, the Clerk of this Court is expected to issue a

9. warrant for arrest of the Vessel, commanding the United States Marshal for this District

10. to arrest and take into custody the Vessel and certain equipment, parts, and materials

11. described on Exhibit E to the Complaint (the "Collateral") and to detain the same in his

12. custody until further order of this Court respecting same.

13.         3.      It is contemplated that the United States Marshal will seize the Vessel and

14. her appurtenances, along with the Collateral, forthwith.  Custody by the United States

15. Marshal requires the services of one or more keepers at charges substantially in excess of

16. those to be made by the substitute custodian alone, not including charges for moorage and

17. the other services usually associated with safekeeping vessels similar to the defendant

18. Vessel.

19.         4.      The Vessel and Collateral is currently located at 314 Four Corners Rd,

20. Port Townsend, WA, 98368.  Plaintiff is agreeable to allow Marine Lender Services, LLC

21. ("MLS"), through its Managing Member, Buck Fowler, to assume the responsibility of

22. safekeeping the Vessel, to act as her custodian until further order of this Court, and to

23. move the Vessel and her appurtenances and the Collateral from their current location to a

24. suitable marine facility as MLS may determine, which may require movement of the

25.

26. ORDER APPOINTING SUBSTITUTE
CUSTODIAN AND AUTHORIZING MOVEMENT
AND INSPECTION OF VESSEL AND COLLATERAL - 2

HOLMES WEDDLE & BARCOTT, PC
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA  98104-4011
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

1. Vessel and the Collateral in one or more phases, subject to the reasonable discretion by

2. MLS as it deems necessary under the circumstances.

3.      5.     Buck Fowler, Managing Member of MLS, by his declaration submitted

4. herewith and made a part hereof, states that he can arrange for adequate facilities and

5. supervision for the proper safekeeping of the Vessel and her appurtenances and applicable

6. Collateral as set forth in his declaration.  Further, in said declaration, MLS accepts, in

7. accordance with the terms of this order, possession of the Vessel, her engines, machinery,

8. and appurtenances etc., which is the subject of the action herein.

9.      6.     In consideration of the United States Marshal's consent to the appointment

10. of MLS as substitute custodian, Plaintiff agrees to release the United States and the

11. United States Marshal from any and all liability and responsibility arising out of care and

12. custody of the Vessel, from the time the United States Marshal transfers possession of the

13. Vessel over to said substitute custodian, and plaintiff further agrees to hold harmless and

14. indemnify the United States and the United States Marshal from any and all claims

15. whatsoever arising out of the substitute custodian's possession and safekeeping.

16.      THEREFORE, IT IS ORDERED that the United States Marshal for the Western

17. District of Washington is authorized, upon seizure of the Vessel, pursuant to Warrant for

18. Arrest, to surrender the possession thereof to MLS as substitute custodian named herein,

19. and that upon such surrender the United States Marshal shall be discharged from the

20. duties and responsibilities for the safekeeping of the Vessel and held harmless from any

21. and all claims arising whatever out of said custodial services.

22.      IT IS FURTHER ORDERED that MLS is appointed substitute custodian of the

23. Vessel and her appurtenances and Collateral and shall retain the Vessel and Collateral in

24. its custody for possession and safekeeping until further order of this Court and that said

25.

26. ORDER APPOINTING SUBSTITUTE
CUSTODIAN AND AUTHORIZING MOVEMENT
AND INSPECTION OF VESSEL AND COLLATERAL - 3

1. custodian may move the Vessel and her appurtenances and Collateral from her current

2. location to a secure facility within the district, in such steps and phases as it may

3. determine under the circumstances.  All costs for such movement shall be paid by

4. Plaintiff, and may, upon further order of this Court, be deemed administrative costs

5. herein.

6.      IT IS FURTHER ORDERED that MLS may permit boarding and inspection of

7. the Vessel by marine surveyors, representatives of plaintiff and prospective purchasers in

8. order to determine the Vessel's condition and value.  All costs of such boardings and

9. inspections shall be paid by the party permitted to board and inspect the vessel or may,

10. upon further order of this Court, be deemed administrative costs herein.  All persons

11. entering on board the Vessel shall execute a waiver and release in the form attached

12. hereto.

13.      IT IS FURTHER ORDERED that Plaintiff's attorney serve a copy of this order on

14. the owner of the Vessel or the owner's agent.

15.      It is further requested that the Clerk of this Court deliver three certified copies of

16. this order to the United States Marshal forthwith.

17.

18.      DATED this 6th day of December, 2019.

19.

20.

21.

22.      BENJAMIN H. SETTLE
     United States District Judge

23.

24.

25.

26. ORDER APPOINTING SUBSTITUTE
CUSTODIAN AND AUTHORIZING MOVEMENT
AND INSPECTION OF VESSEL AND COLLATERAL - 4

HOLMES WEDDLE & BARCOTT, PC
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA  98104-4011
TELEPHONE (206) 292-8008 | FAX (206) 340-0289

1.

2.

3.

Presented by:

4.

HOLMES WEDDLE & BARCOTT, PC

5.

6.        s/ John E. Casperson
John E. Casperson, WSBA #14292

7.        s/ Eric D. Siebert
Eric D. Siebert, WSBA #49994

8. 999 Third Avenue, Suite 2600
Seattle, Washington 98104

9. Telephone: (206) 292-8008
Facsimile:  (206) 340-0289

10. Email:  jcasperson@hwb-law.com
Email: esiebert@hwb-law.com

11. Attorneys for Plaintiff

12.

13.

14.

15.

16.

17.

18.

19.

20.

21.

22.

23.

24.

25.

26. ORDER APPOINTING SUBSTITUTE
CUSTODIAN AND AUTHORIZING MOVEMENT
AND INSPECTION OF VESSEL AND COLLATERAL - 5

HOLMES WEDDLE & BARCOTT, PC
999 THIRD AVENUE, SUITE 2600
SEATTLE, WA  98104-4011
TELEPHONE (206) 292-8008 | FAX (206) 340-0289