UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OCEAN BEAUTY SEAFOODS LLC, | CASE NO. C19-6173 BHS |
| Plaintiff, | ORDER |
| v. | |
| CAPTAIN ALASKA, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Cross Claim Plaintiff Captain Alaska Fish Co.'s Follow-Up Motion to Compel Discovery from Cross Claim Defendant John "Mike" Hogan. Dkt. 120. The background of the case and of this discovery dispute is described in the Court's prior Order, Dkt. 115, addressing Captain Alaska's initial motion to compel, Dkt. 75, and Hogan's responsive motion for a protective order, Dkt. 105.

That Order required Hogan to produce all the documents he concedes are not "privileged," including the "time books," and to produce a privilege log describing the communications and documents he claims are immune from discovery under the work product doctrine. Dkt. 115 at 2–3. The Court also invited either party to request *in camera* review of any specific entry on the privilege log. *Id*.

ORDER - 1

Hogan filed a Privilege Log, Dkt. 117, and an Amended Privilege Log, Dkt. 118, under seal. Captain Alaska moved again to compel, Dkt. 120, and Hogan filed a Second Amended Privilege Log, Dkt. 121. This Order will reference the latter.

Hogan previously resisted discovery, and sought a protective order, based on his claim that, as a then-pro se litigant, his communications with his friends and informal advisors, Ryan Hodges and John Holman, were protected from discovery by the work product doctrine. Dkt. 105. Captain Alaska's motion, like its opposition to Hogan's motion, Dkt. 108, is based on its argument that no work product immunity attaches to an otherwise discoverable communication between a pro se litigant and his non-attorney confidant. Dkt. 120.

Captain Alaska demonstrates that, despite his concession that he was not asserting a privilege or other discovery immunity as to some significant subset of his communications with his friends, Hogan has not produced those communications. It seeks "severe sanctions" for this failure. *Id.* at 2. Captain Alaska also argues that Hogan's privilege log is deficient because it fails to identify the author or the recipient of each text or email communication, and the "sparse" descriptions attached to the entries make it difficult to ascertain whether any privilege could apply. *Id.* at 3.

Both points are well-taken. First, Hogan should have already produced the documents he concedes are not privileged, and those (including the time books) that he has already been ordered to produce despite his objections. Captain Alaska's motion to compel that subset of documents is **GRANTED** and they shall be produced within ten days. If they are not, the Court is likely to grant a short motion for sanctions

demonstrating that failure. The current request for sanctions is **DENIED**. This subset of discoverable documents and communications includes any responsive communication not reflected in Hogan's Second Amended Privilege Log, Dkt. 121, which covers documents and communications generated between September 9, 2019, and February 22, 2022. As Captain Alaska points out, the subject contract was formed in 2017 and performed (or not) over the next year. Hogan has not claimed that any documents from the earlier time frame are privileged or otherwise not discoverable, and Captain Alaska contends that he has not produced those documents, either. Again, documents that are responsive to Captain Alaska's discovery and that are not listed on Hogan's privilege log (including any communications with Royce Hartley or Majestic Acres) should have already been produced. Captain Alaska's motion to compel that that discovery is **GRANTED**.

       The primary remaining issue is whether otherwise discoverable communications—those among non-attorney friends, about the formation of the 2017 oral contract to provide welding work on a fishing vessel, and the performance or breach of that contract—are immune from discovery because they were made in anticipation of litigation.

       Captain Alaska argues that no case[1] supports Hogan's novel claim that the work product doctrine applies to communications made by a pro se litigant to his friends, just as the attorney client privilege would apply if Hogan had instead shared those same communications with counsel. Dkt. 120 at 4–5.

---

[1] The Court notes that neither Captain Alaska's Motion, Dkt. 120, nor its Reply, Dkt. 125, cite to any legal authority.

The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice. The party asserting attorney-client privilege or work product immunity has the burden of proving that the privilege or doctrine applies. *United States v. Blackman*, 72 F.3d 1418, 1423 (9th Cir. 1995); *Verizon CA Inc. v. Ronald A. Katz Tech. Licensing L.P.*, 266 F. Supp. 2d 1144, 1147 (C.D. Cal. 2003). The privilege extends only to protect the disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

The related but separate work product doctrine "provides an attorney with the ability to work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Otto v. Box U.S.A. Group, Inc.*, 177 F.R.D. 698, 700 (N.D. Ga. 1997) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510 (1947)). The work product doctrine is the subject of Federal Rule of Civil Procedure 26(b)(3)(A):

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).

To qualify for work product protection, documents must: (1) be "prepared in anticipation of litigation or for trial" and (2) be prepared "by or for [a] party or by or for that [] party's representative." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (quoting *In re Grand Jury Subpoena, Mark Torf/Torf Env't Mgmt.*, 357 F.3d 900, 907 (2004)). The work product doctrine's protections are waivable. *Id.*

Hogan correctly argues that a pro se litigant's own work product material, created in anticipation of litigation, may still be protected by the work product doctrine. Dkt. 122 at 4 (citing *Otto*, 177 F.R.D. 698); *see also Carrier-Tal v. McHugh*, No. 14-cv-626, 2016 WL 9185306, at *3 (E.D. Va. Feb. 3, 2016) ("Plaintiff is entitled to assert the work product immunity as a pro se litigant."). Thus, the limited Second Amended Privilege Log entries, describing Hogan's own "notes," prepared by him and for him as a pro se litigant, in connection with this litigation, are work product and they need not be produced, absent a showing of substantial need. Fed. R. Civ. P. 26(b)(3)(A)(ii). Captain Alaska argues that the notes are likely the best evidence of Hogan's understanding of the contract terms, but it has not shown it is entitled to them under Rule 26(b)(3)(A)(ii). Captain Alaska's motion to compel discovery of Hogan's own notes, Dkt. 120 at 3, is **DENIED**.

The remainder of Hogan's work product assertions, however, are without merit. He has not cited any authority for his novel claim that communications with non-attorney friends and informal confidants are entitled to protection under the work product doctrine. His friends, Hodges and Holman, are not attorneys, and his communications with them are necessarily not entitled to protection under the attorney client privilege.

Hogan argues that the communications with non-attorneys are nevertheless privileged as though they were attorneys, because he was pro se. He does so by claiming the communications are work product. But the communications at issue are not the mental impressions, conclusions, opinions, or legal theories of Hogan, an attorney or other representative of Hogan, concerning the litigation. *See* Fed. R. Civ. P. 26(b)(3)(B).

ORDER - 5

1       Hogan relies on *United States v. Judson*, 322 F.2d 460, 462 (9th Cir. 1963) for the
2 proposition that a non-attorney's work product may be protected. Dkt. 122 at 5. *Judson*
3 involved a net worth statement prepared by accountant, engaged by an attorney as part of
4 the defense of the client. *Judson*, 322 F.2d at 462. Hogan correctly argues that the Ninth
5 Circuit affirmed that the document was not discoverable; but it did so because it
6 concluded the documents were "confidential communications within the attorney client
7 privilege." *Id*. Today, at least, such documents are more accurately described as work
8 product.

9       In any event, *Judson* does not support Hogan's claim that communications to and
10 from a pro se litigant's non-attorney friends and informal advisors are protected work
11 product, even though they are clearly not attorney client privileged communications.
12 Hogan argues that the communications are privileged because Hodges and Holbert were
13 his "consultants," had knowledge about the matter, and were "consulting with" him about
14 "possible strategy" in this case. Dkt. 122 at 4. That is legal advice, which can only be
15 provided by an attorney. Hogan's friends are not attorneys, and their otherwise
16 discoverable communications are not privileged. Nor has Hogan established that his
17 friends' communications were made as his "representatives" within the meaning of Rule
18 26(b)(3)(A), and those communications are not immune from discovery under the work
19 product doctrine.

20       Finally, even if Hogan's communications to his friends contained mental
21 impressions that would not be subject to discovery if Hogan had kept them to himself, he
22 waived that work product immunity when he shared the work product with third parties,

much as he would have waived the attorney client privilege by disclosing to third parties communications he made to an attorney in seeking legal advice, or the advice he received in response. The communications from Hodges and Holbert to Hogan are not—cannot be—legal advice and they are not an attorney's or a party's mental impressions in any event. They are not work product and they are not immune from production.

Thus, the emails by and between Hodges, Holman, and Hogan described in Hogan's Second Amended Privilege Log are not protected from production as work product. Captain Alaska's Follow-Up Motion to Compel, Dkt. 120, the production of those emails is **GRANTED**, and they shall be produced within 10 days of this Order.

Similarly, Captain Alaska's motion to compel production of the text messages described in Dkt. 121 is **GRANTED**. These text messages are not immune from discovery based on the work product doctrine, and they too should be produced within 10 days.

IT IS SO ORDERED.

Dated this 28th day of October, 2022.

BENJAMIN H. SETTLE
United States District Judge